# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7406 | **DATE** | 9/25/2002 |
| **CASE TITLE** | Ronald L. Cook et al vs. Exelon Corp. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant ComEd's motion to dismiss Counts I, V, and VI of Plaintiffs' first amended complaint without prejudice. We also grant ComEd's motion to dismiss Counts II, III and IV with prejudice. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | | date mailed notice |

SEP 2 6 2002

U.S. DISTRICT COURT
CLERK

02 SEP 25 PM 4: 16

FILED 01 C

Date/time received in central Clerk's Office

Document Number

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD L. COOK, et al.,                        )
                                               )
                    Plaintiffs,                )
                                               )
        vs.                                    )        01 C 7406
                                               )
EXELON CORPORATION, a/k/a                      )
Commonwealth Edison,                           )
                                               )
                    Defendant.                 )

DOCKETED

SEP 2 6 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion brought by Defendant Exelon

Corporation, a/k/a Commonwealth Edison ("ComEd"), to dismiss all six counts of

Plaintiffs' first amended complaint with prejudice. For the reason set forth below, we

grant ComEd's motion to dismiss Counts I, V, and VI without prejudice. We also grant

ComEd's motion to dismiss Counts II, III, and IV with prejudice.

## BACKGROUND

Plaintiffs are all current or retired management employees of ComEd. In the

past, ComEd provided the same pension benefits to both its management employees and



its union employees. Plaintiffs claim that Gary Snodgrass and other managers at ComEd made oral and written promises to them indicating that management employees would have the same pension plan as the union employees. ComEd managers also allegedly indicated to Plaintiffs that all management employees would be grandfathered into the existing pension plan with no decrease in benefits and that any management employee opting for retirement would have pensions calculated on the basis of the new contract with the union.

Recently ComEd changed the structure of its pension plans. Under the new pension plans, management employees receive different benefits from union employees. Plaintiffs were informed that their pension benefits would not be calculated on the basis of the new contract with the Union. Plaintiffs claim that in not keeping their promise regarding the unity of union and management plans, ComEd discriminated against them in violation of the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. §§ 621 *et seq*. According to Plaintiffs the new plan for management employees affects the older current employees and the retired employees in a "disparate way" and makes it impossible for older workers and retired workers to exercise or predict their pension benefits.

Count I of the first amended complaint alleges an ADEA claim. Count II alleges a constructive discharge claim solely on behalf of Plaintiff Dennis Dubicz. Count III

alleges a constructive discharge claim solely on behalf of Plaintiff Craig Reed. Count IV alleges a constructive discharge claim solely on behalf of William Marsh. Count VI alleges a breach of contract claim and Count V, as will be explained below, is merely a restatement of the allegations in Count VI.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Bontkowsi v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

The court must draw all reasonable inferences from the allegations in favor of the plaintiff, *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991), and the plaintiff can plead conclusions in addition to facts. *Kyle v. Morton High school*, 144 F.3d 448, 455 (7th Cir. 1998). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir. 1991). In deciding a Rule 12(b)(6) motion the court shall consider the entire complaint and is not required to overlook facts alleged that might support a dismissal. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992); *see also Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) (quoting *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995); *Jackson*, 66 F.3d at 153 (stating that a "plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.")

## DISCUSSION

I. Disparate Impact Claim

In the Seventh Circuit a plaintiff cannot allege a disparate impact claim under the ADEA. *Casteel v. Executive Bd. of Local 703 of the Int'l Bhd. of Teamsters*, 272 F.3d

463, 467, n.4 (7th Cir. 2001); *Blackwell v. Cole Taylor Bank*, 152 F.3d 666, 672 (7th Cir. 1998); *Salvato v. Illinois Dept. of Human Rights*, 155 F.3d 922, 926 (7th Cir. 1998). ComEd is correct when it points out that Plaintiffs' complaint can only be construed to allege a disparate impact theory under the ADEA claim. Plaintiffs' first amended complaint states that ComEd "committed age discrimination by changing its pension plan and affecting in a disparate way the older current management employees and those management employees who had already retired." The complaint also states that "due to the way the current plan or plans have been structured; older employees who are classified as management are unable to exercise or predict their pension benefits, and thereby said plans discriminate against older employees." Plaintiffs' first response to the motion to dismiss is that the complaint also alleges that ComEd "knowingly, intentionally and willfully discriminated against Plaintiffs within this case." Plaintiffs must do more than state bare legal conclusions in pleading their case, *Perkins*, 939 F.2d at 466-67, and Plaintiffs' complaint does not contain any allegations that would indicate intentional discrimination. Plaintiff's also argue that other circuits allow the disparate impact theory to be alleged in ADEA claims and the Seventh Circuit should allow them as well. The case law is clear that ADEA claims are not allowed in this circuit and we are bound by the Seventh Circuit's rulings. Therefore, we grant ComEd's motion to dismiss Count I.

II. Constructive Discharge Claims

To establish a constructive discharge in an age discrimination case the plaintiff must show that "his working conditions were so intolerable that a reasonable person would have been compelled to resign." *Bennington v. Caterpillar, Inc.*, 275 F.3d 654, 660 (7th Cir. 2001) ( quoting *Simpson v. Borg-Warner Automobile, Inc.*, 196 F.3d 873, 877 (7th Cir, 1999)). In addition the plaintiff must show the conditions were the result of age discrimination and thus establish some sort of nexus between the conditions of the plaintiffs employment and an "age-related bias" on the part of the plaintiff's employer. *Id.*

In Plaintiffs' complaint the only reference to constructive discharge is in Counts II, III, and IV where it states that the forced retirement of each individual plaintiff constituted a "constructive firing." The only other facts in the complaint refer to the misrepresentations concerning the future pension plans for management employees. The complaint does not provide the grounds on which the constructive discharge claims are based. Although we shall draw reasonable inferences from the facts presented, we will not engage in wild speculation as to how the misrepresentations regarding the pension plans or the forced retirement of Plaintiffs are connected to the alleged constructive discharges. Merely alleging bare legal conclusions without supporting facts is not sufficient to state a cause of action even under the liberal standard of

Rule 12(b)(6). *Palda v. General Dynamics Corporation*, 47 F.3d 872, 875 (7th Cir. 1995) (stating that a "complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)"). Plaintiffs are correct when they state that their pleadings need only give ComEd notice of the basis for their claim. However, to provide such notice Plaintiffs must do more than simply assert that they were constructively discharged. Plaintiffs have failed to properly plead the constructive discharge claims.

Defendants also argue that the constructive discharge claims were not filed within the 90 day filing periods after Plaintiffs received the right to sue letters. Plaintiffs acknowledge that the filing was untimely, but argue that the amended complaint relates back to the original filing of the employment discrimination claims. One of the requirements for an amendment to relate back is that the claim or defense asserted in the "amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The concise allegations in Plaintiffs' original complaint solely involve the alleged misrepresentations about the pension plans. As stated above, we will not speculate as to how the constructive discharge claims could stem from such allegations. Although the original complaint was filed pro se and thus should be construed liberally, *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), we still find that the

Plaintiffs have not met their burden. Thus, the constructive discharge claims in the amended complaint do not arise out of the same conduct alleged in the original pleadings and do not relate back. Therefore, we grant ComEd's motion to dismiss Counts II, III, and IV with prejudice.

III. Breach of Contract Claim (Count VI)

ComEd argues that the breach of contract claim in Count VI is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. A state law claim is preempted by ERISA where the state law claim "relate[s] to . . . employee benefit plan[s]." 28 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). ERISA's preemption provision is "deliberately expansive." *Id.* Plaintiffs argue that the breach of contract claim does not "relate to" a pension plan as defined by ERISA because their claim involves a failure to provide the promised plan rather than enforcement or administration of a pension plan. ComEd correctly points to *Bartholet v. Reishauer*, 953 F.2d 1073 (7th. Cir 1992), in which a similar argument was rejected. In *Bartholet* the plaintiff claimed that the defendant promised to provide a particular pension plan and failed to do so. *Id.* at 1076-77 The Court held that the where a claim alleges that an employer promised to create a pension plan with "certain attributes" and did not live up to that promise, then the claim "relates

-8-

to" a pension plan under ERISA. *Id.*; *see also Lister v. Stark*, 890 F.2d 941 (7th Cir. 1989) (holding that a suit seeking benefits in excess of those provided based on promise by employer fell within ERISA).

Although the breach of contract claim is preempted, we are not finished with our analysis. In *Bartholet* the appellate court also held that although ERISA preempted the state law claim, the dismissal by the district court was inappropriate. *Id.* at 1077-78. The district court held that until the plaintiff amended his complaint to specifically invoke ERISA, the case should be dismissed. *Id.* at 1077. The appellate court noted that under Rule 12(b)(6) plaintiffs are required to supply a basis for their claims, but are not required to state a particular cause of action or plead the pertinent law on which the claim rests. *Id.* at 1077-78. Thus the appellate court found that although the plaintiff's complaint made no mention of ERISA, the district court should have inquired as to whether the complaint sufficiently alleged facts and conclusions to plead an ERISA claim. *Id.* We have the same situation in this case. While ComEd is correct that ERISA preempts the breach of contract claim in Count VI, it does not necessarily follow that no claim whatsoever is pled in Count VI.

IV. Fraud Claim (Count V)

ComEd asserts, and Plaintiffs do not deny, that Count V is in essence a fraud claim. According to ComEd, the fraud claim was not plead with particularity as

required by Federal Rule of Civil Procedure 9(b). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). We first note that a close inspection of Count V and Count VI reveals that they are the same claim. The first eleven paragraphs of both counts are identical. Count VI merely contains three additional paragraphs indicating that there was a contract and a breach of that contract. Count V actually pleads an ERISA claim with more specificity, stating in its introductory paragraph that there was a violation of ERISA. Therefore we shall treat Counts V and VI as the same claim.

Counts V and VI contain allegations of fraud. Any common law fraud claim in those counts would be preempted by ERISA as there are no allegations to base a common law fraud claim on separate and independent from the pension misrepresentations. *See Chicago Dist. of Carpenters Welfare Fd.,* 169 F. Supp. 2d 880, 885 (2001) (indicating that ERISA would preempt any Illinois common law fraud claim alleged in complaint); *Balasa v. Valaitis,* 1986 WL 1425, *2 (N.D. Ill. 1986) (indicating that common law fraud claim was not preempted because it was based on an injury and allegations that were separate from the pension related claim). The next issue is whether an ERISA claim that includes allegations of deception and misrepresentation must meet the Rule 9(b) particularity requirements. Other courts in this district have

held that Rule 9(b) applies to ERISA claims involving misrepresentation or deception. *See id.*; *Adamczyk v. Lever bros. Co.*, 991 F. Supp. 931 (N.D. Ill. 1997); *Bd. of Tr. Sheet Metal Workers' Nat'l Pension Fund of Ill. Range, Inc.*, 186 F.R.D. 498, 503 (N.D. Ill. 1999). We agree that 9(b) applies to ERISA claims alleging misrepresentation or deception.

Under Rule 9(b) Plaintiffs must allege the "identity of the person who made the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Hartbridge Merchant Svcs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (quoting *Bankers Trust Co. v. Old World Republics Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)); *WFS Financial, Inc. v. South Chicago Dodge, Inc.*, 2001 WL 1002463, *3-5 (N.D. Ill. 2001). ComEd is correct in pointing out that the complaint does not specifically refer to a particular document, or a particular time, date or place where any of the misrepresentations occurred. The complaint does refer to certain exhibits. An exhibit that is attached to complaint is deemed to be part of the pleadings for 12(b)(6) purposes. Fed. R. Civ. P. 10(c); *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The exhibits appear to contain some of the misrepresentations alleged in the complaint and they also show the method by which some of the misrepresentations were made and the dates. However, Plaintiffs have not made it clear

whether the exhibits contain all the alleged written misrepresentations. Plaintiffs have not specified when ComEd made the alleged misrepresentations other than that they occurred during the employment of Plaintiffs. Providing broad time ranges when misrepresentations were made is not sufficient to satisfy Rule 9(b). *See Clark v. Robert Baird Co.*, 142 F. Supp.2d 1065, 1072 (N.D. Ill. 2001) (stating that "it is not enough to merely allege a period of months or years, or the duration of the activity" to meet Rule 9(b)). Also, Plaintiffs have not indicated who made the misrepresentations. They allege only that Gary Snodgrass and "other managers" made the misrepresentations, but shed no light on the identities of the other managers. The exhibits do not bear the name of any manager other than Gary Snodgrass. We note also that nowhere in the exhibits is there an explicit promise that union and management pensions will remain unified. Based on the above it would appear that the exhibits are not the sum and total of all written misrepresentations made to Plaintiffs and thus there are many dates, documents, and names that needed to be included in the complaint in order to meet the Rule 9(b) requirements. Therefore, we grant ComEd's motion to dismiss Count's V and VI.

## CONCLUSION

Based on the foregoing analysis we grant ComEd's motion to dismiss Counts I, V, and VI of Plaintiffs' first amended complaint without prejudice. We also grant

ComEd's motion to dismiss Count's II, III and IV with prejudice. All pending motions are thus rendered moot.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: September 25, 2002