Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7406 | **DATE** | 7/3/2003 |
| **CASE TITLE** | Ronald L. Cook et al vs. Commonwealth Edison Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the motion (Doc 38-1) for leave to amend the second amended complaint. Since, due to the inaction on Plaintiffs' part, Plaintiffs will be unable to further amend their complaint so that it will state a legal claim in Counts I, V, and VI of the first amended complaint, the dismiss of those counts is now properly deemed a final and appealable judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 07 2003 | |
| | Notified counsel by telephone. | date docketed | 44 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 03 JUL -3 PM 5:44 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD L. COOK, DENNIS J. DUBICZ, WILLIAM HAMM, ROBERT B. MAGOLAN, WILLIAM MARSH, CRAIG A. REED, PATRICK SMOLEN, JAMES WASHCO, ROBERT W. AHR, EDWARD P. ANDERLIK, DONALD J. AREBDARCZTJM, RANDY BALES, RONALD CLARK, RICHARD CLEMENS, RICHARD E. CONLEY, WILLIAM J. CRAWFORD, JAMES P. CURRIE, TERRY L. DUTOUR, THOMAS FRY, HORACE T. GAINES, WILLIAM GALBREATH, ROGER L. GRITTERS, RICK GROOMES, CLARENCE HAMANN, JOE HAMM, RONALD HANSON, JOHN T. HARTZLER, ERNEST C. HEIZMANN, LARRY HENNING, MARGARET N. HOGAN, WILLIAM LOCASTO, ANTHONY V. MARCHESE, RICHARD MATTHIES, JACK MESSERSCHMITT, WILLIAM MOLK, JAMES A. NARDONE, EDMUND J. ONGENAE, RAYMOND PEREK, REYNALDO PORTALATIN, WALLIS REICHERT, CHARLES ROBISON, CHARLES RUDD, EDDIE SANCHEZ, ANTHONY SANTORO, GARY SCHMITT, PHILIP SPOTOFORA, ELMER B. TANNER, TERRY THORMEYER, WAYNE VANPATTEN, JAMES R. WALSH, KENNETH WEHRLE, GARY WILDY, and PAUL WILLIAMSON, <br><br> Plaintiffs, <br><br> vs. <br><br> COMMONWEALTH EDISON COMPANY, an Illinois corporation, <br><br> Defendant. | **DOCKETED** <br> JUL 0 7 2003 <br><br><br><br> 01 C 7406 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Plaintiffs' motion for leave to file a second amended complaint. For the reasons stated below we deny the motion.

## BACKGROUND

In June 2002, Plaintiffs filed a first amended complaint that contained an Age Discrimination in Employment Act ("ADEA") claim, several constructive discharge claims, a breach of contract claim, and a fraud claim. By minute order on September 25, 2002, we dismissed the three constructive discharge claims with prejudice. We also dismissed the ADEA claim, the breach of contract claim, and the fraud claim without prejudice. After we issued our order, Plaintiffs changed counsel and Plaintiffs' current counsel assumed responsibility for the case in October 2002. Plaintiffs now seek leave to file a second amended complaint more than eight months later. The proposed second amended complaint includes fifty-one additional Plaintiffs.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). When a party requires leave to amend a complaint, the court, acting within its own discretion, *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992), should grant leave "freely . . . when justice so requires," Fed. R. Civ. P. 15(a), unless: 1) there was an "undue delay", 2) there was "bad faith [or] dilatory motive on the part of the movant", 3) there was a failure to correct deficiencies in prior amendments, 4) the non-movant would be unduly prejudiced if the amendment is

allowed, or 5) the amendment is futile. *Perrian*, 958 F.2d at 194 (quoting in part *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991)).

## DISCUSSION

Plaintiffs' counsel seeks leave to amend at such a late date for all the wrong reasons. Counsel claims that they needed eight months to amend the complaint because they had to gather and organize new clients for the case, because of the complexity of the pension plan documents, and apparently because their firm is too small to handle the case. Plaintiffs' reply brief refers to the Plaintiffs' "plight" and asks us to "set aside the procedural issues" because we would be "moved" by the Plaintiffs' "story." Plaintiffs go on to say that "[t]his case is about correcting a wrong that was done to them." Plaintiffs are incorrect. This case is about deciding whether a *legal* wrong was done to them and whether it was done to them by Defendant Commonwealth Edison Company ("ComEd").

I. Whether Final Judgment Was Entered For All Claims

ComEd contends that we entered final judgment on all of Plaintiffs' claims in our September 25, 2002, minute order. According to ComEd, Plaintiffs are required to reopen the final judgment in order to amend their complaint. ComEd points out that we stated on the entry of judgment form AO 450 that "[a]ll matters in controversy having been resolved, final judgment is hereby entered in favor of defendant and

-3-

against plaintiffs." However, the form also indicates that Counts I, V, and VI are dismissed without prejudice. A dismissal of a complaint does not necessarily end the litigation before the court. *Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993). Usually, when a court states that it dismisses a claim "without prejudice," the dismissal does not constitute an appealable final judgment and the plaintiff is free to refile the claim. *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001); *Furnace v. Board of Trs. of S. Ill. Univ.*, 218 F.3d 666, 669 (7th Cir. 2000); *Brill v. McDonald's Corp.*, 28 F.3d 633, 634 (7th Cir. 1994). A dismissal without prejudice may constitute a final and appealable judgment if it is clear from the record that any further amendments to the complaint would be futile. *Larkin*, 266 F.3d at 721; *Furnace*, 218 F.3d at 669-70. In this case we dismissed the claims at issue without prejudice and fully intended that the Plaintiffs be given an opportunity to amend their complaint. The deficiencies noted in our prior opinion can potentially be rectified by amendments to the complaint and thus the dismissals without prejudice did not constitute final and appealable judgments.

II. <u>Undue Delay</u>

Generally, a delay in seeking to amend a pleading is not in itself sufficient reason to deny leave to amend. *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994); *Perrian*, 958 F.2d at 194. However, if the delay is excessive a court may deny leave to amend on that basis. *Id.* at 194-95. The longer the delay the more likely that a

denial of leave to amend is appropriate. *Id.* Also, if the delay is such that it is a burden on the judicial system, a court may deny leave to amend the pleading even if there is no prejudice to the opposing party from the amendment. *Id.* at 195.

In the instant case Plaintiffs have delayed over eight months in filing their second amended complaint. We dismissed the three counts of the first amended complaint without prejudice because it was unclear whether the Plaintiffs truly lacked legitimate claims against ComEd or whether poor word choices and incompetence in the preparation of the first amended complaint was responsible for the deficiencies in the claims. As we explained in our prior opinion, we dismissed the ADEA claim in count I because the language in the complaint clearly indicated that Plaintiffs were asserting a disparate impact claim which is not allowed in the ADEA context. We dismissed the breach of contract claim because it was preempted by ERISA, but noted that, in accordance with *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077-78 (7th Cir. 1992), Plaintiffs are not required to allege specific causes of action and that the allegations, when liberally construed, were close to stating an ERISA claim. Finally, we dismissed without prejudice the fraud claim because Plaintiffs did not provide the necessary specificity to state a claim. The first amended complaint alleged that ComEd made misrepresentations to Plaintiffs. However, the complaint did not contain names, dates, times, or places where the alleged misrepresentations occurred. Thus, we

dismissed the claim without prejudice to give Plaintiffs an opportunity to allege the specific facts required for a fraud claim.

As we made clear in our prior opinion, we dismissed the claims without prejudice in order to give Plaintiffs a chance to rewrite their claims if the deficiencies in the claims were merely caused by incompetence. Eight months is beyond the pale in light of what was required of Plaintiffs. All that Plaintiffs needed to do was reorganize and rephrase the first amended complaint, where appropriate, and add facts that were in Plaintiffs' possession. Plaintiffs allege that ComEd made misrepresentations to them. Thus, one would think that they would have knowledge of at least some of the pertinent facts such as who made the representations and when, and in what form the communications were made. Unfortunately, instead of taking what should have been weeks, Plaintiffs' counsel spent eight months busily hunting up new clients. We are not impressed by Plaintiffs' counsels' claims that the eight months were necessary in order to rewrite the complaint due to the "complexity of the pension plan documents." Nor are we impressed by Plaintiffs' counsels' claims that they were justified in not providing adequate service to their clients because they are a "small law firm." Such reasons are wholly inadequate to justify the delay. Plaintiffs' counsel would do well to review their ethical obligation to provide their clients with competent

legal representation and to be competent attorneys in the areas of law that they work with.

We think that eight months is grossly excessive to amend the complaint and that it is an undue delay. We also think that to allow Plaintiffs to restart this case at this point would be an impermissible burden on the judicial system and it would impede the public's interest in a speedy resolution of legal disputes. Thus, we find that a denial of the motion for leave to amend is appropriate because of the undue delay.

II. Prejudice to ComEd

The party seeking leave to amend bears the burden of showing that the opposing party would not be unduly prejudiced if the proposed amendment is allowed. *King*, 26 F.3d at 724. ComEd claims that during the interim eight month period memories faded and documents were lost. We think that ComEd would be unduly prejudiced by the reappearance of Plaintiffs after such a lengthy period. Plaintiffs claim that ComEd is in a state of "instantaneous readiness to defend against this lawsuit." Such a claim is ludicrous. We cannot fathom how ComEd could possibly be ready to defend in light of the fact that Plaintiffs' first amended complaint was in such a state of disarray and failed to provide any of the specific facts that Plaintiffs are relying on as a basis for their claims. Thus, we think that a denial of the present motion is warranted due to the prejudice to ComEd as well. Plaintiffs sat on their rights instead of acting and, in

accordance with equitable principles, their inaction will not be excused where it will result in undue prejudice to ComEd.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for leave to amend the second amended complaint. Since, due to the inaction on Plaintiffs' part, Plaintiffs will be unable to further amend their complaint so that it will state a legal claim in counts I, V, and VI of the first amended complaint, the dismissal of those counts is now properly deemed a final and appealable judgment.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JUL - 3 2003